UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

ELITE GLOBAL COMMUNICATIONS, INC.,

    Defendant.
_____/

Case No.

Honorable.

**COMPLAINT**

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to compel specific performance of a Negotiated Settlement Agreement ("Agreement") resolving a charge of discrimination filed by Kamal Khalil on the basis of religion (Muslim), national origin (Arabic) and retaliation. The Commission entered into the Agreement with Elite Global Communications, Inc. ("Elite Global") on January 25, 2010, in settlement of Charge No. 471-2009-01858, which Mr. Khalil filed with the Commission. The Agreement requires Elite Global, among other things, to pay Mr. Khalil $1,500.00 and to provide written notification to the Commission that it has fulfilled its obligation under the Agreement. Since Elite Global has not complied with this obligation, the Commission is seeking to enforce the Agreement and is requesting that the Court order Elite Global to pay Kamal Khalil $1,500.00 as this payment is past due and owing, and to provide the Commission with written notice that this payment has been tendered to Mr. Khalil.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful and the breach of the Agreement was committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Elite Global has continuously been a Michigan corporation doing business in the State of Michigan and the City of Wayne, and has continuously had at least 15 employees.

5. At all relevant times, Elite Global has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Kamal Khalil filed a charge of discrimination with the Commission alleging violations of Title VII by Elite Global.

2

All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On March 30, 2009, Mr. Khalil filed a Charge of Discrimination with the Commission alleging that Elite Global subjected him to a hostile work environment on the basis of religion (Muslim) and national origin (Arabic) when he was repeatedly subjected to derogatory slurs in violation of Title VII. Mr. Khalil further alleged that after he complained about the hostile work environment, Elite Global retaliated against him by decreasing his work schedule and causing him to lose wages in violation of Title VII. A copy of the Charge of Discrimination is attached as Exhibit 1. The Charge was resolved when Mr. Khalil agreed to terms and conditions proposed by the Commission, as reflected in the Agreement signed and executed by the Commission, Elite Global and Mr. Khalil. Under the terms of the Agreement, a copy of which is attached as Exhibit 2, Elite Global agreed that:

> Within 15 days of Charging Party's execution of this agreement, pay Charging Party the amount of $1500.00.

Mr. Khalil executed the Agreement on December 26, 2009. Elite Global executed the Agreement on January 5, 2010. The Commission executed the Agreement on January 25, 2010. As of this date, Mr. Khalil claims that he has not received the settlement money, and Elite Global has not provided the Commission with any evidence that it has made or attempted to make this payment.

8. The Commission seeks enforcement of this Agreement pursuant to its enforcement authority under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Order Elite Global to perform all the duties and obligations previously agreed to under the Agreement, and specifically to pay Kamal Khalil $1,500.00, in addition to interest as allowed by law;

B. Order Elite Global to provide the Commission with written notice that it has tendered payment to Mr. Khalil; and

C. Award the Commission its costs in this action.

Respectfully submitted,

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

Dated: September 14, 2010

OMAR WEAVER (P58861)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-3407
omar.weaver@eeoc.gov

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 471-2009-01858 |

**Michigan Department Of Civil Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kamal Khalil | (313) 424-0135 | 12-02-1978 |

Street Address — City, State and ZIP Code
7421 Wilderness Park Drive, Apt., 101, Westland, MI 48185

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ELITE GLOBAL COMMUNICATIONS | 101 - 200 | (734) 721-2489 |

Street Address — City, State and ZIP Code
38510 West Michigan Avenue, Wayne, MI 48184

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☒ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-02-2009   Latest: 03-26-2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the above named Respondent on September 29, 2008, as a Cable Installer.

In January 2009, an employee working as the Quality Control called me an "f**ing Mexican" in front of my manager and co-workers. I told the co-worker that I was not Mexican, I was Arabic. Regardless of my nationality, the manager never disciplined the co-worker for the slur. On February 24, 2009, I was given a job in the 48228 zip code, an area populated by Arabians and Muslims. The manager asked me, in a public setting, if I liked working by those A-RABS. He asked if I had moved from the 48228 location because I had blown up a building. He continued by making comments suggesting that the 48228 area was populated by terrorists. Both the manager and my supervisor laughed at his racist comments and inferences. My peers were also present and I felt both humiliated and degraded. The next day, I came in early to discuss the matter with my supervisor. I told him that the comments and behavior by the manager were unacceptable and his assurance that it would not continue. My supervisor stated that I needed to be careful and watch my step or I might start getting a reduce work schedule. I was advised that I should let the issue drop and to not bring it up again. Immediately after our conversation, my work schedule decreased and I started to lose wages. On March 26, 2009, I was terminated.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 30, 2009
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 3/30/09

**EXHIBIT 1**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 471-2009-01858 |

**Michigan Department Of Civil Rights** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was harassed, intimidated, retaliated against and terminated because of my race (Arabic), religion (Muslim), and for participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Stamp: DETROIT DIST. OFFICE  2009 MAR 30  A 8: 44  EEOC]

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Kamal Khalil* |
| **Mar 30, 2009**          *Kamal Khalil*<br>Date                         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)   3/30/09 |

# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226-9704
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

## NEGOTIATED SETTLEMENT AGREEMENT

1. The following Agreement refers to charge number 471 2009 01858 on file with the Equal Employment Opportunity Commission (EEOC) under Title VII of the Civil Rights Act of 1964 as amended.

2. In exchange for the satisfactory fulfillment by **Elite Global Communications** ("Respondent") of the promises contained in paragraph (3) of this agreement, **Kamal Khalil** ("Charging Party") agrees not to institute a lawsuit with respect to the above-referenced charge.

3. In exchange for the promises of the charging party contained in paragraph (2) of this agreement, the Respondent agrees to:

   a. Within 15 days of Charging Party's execution of this agreement, pay Charging Party the amount of $1500.00;

4. It is understood that this agreement does not constitute an admission by the Respondent of any violation of Title VII of the Civil Rights Act of 1964 as amended.

5. The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII, or because of the filing of a charge, giving testimony or assistance, or participation in any manner in any investigation, proceeding, or hearing under the named statute.

6. The Respondent agrees to provide written notice to the Director of the Detroit Field Office within ten days of satisfying each obligation specified at paragraph (3) of this agreement.

7. The parties agree that this agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this agreement.

8. The parties agree that the terms and conditions of this Agreement shall be kept confidential and shall not be disclosed, other than for standard EEOC reporting purposes.

12-26-2009
Date

_Kamal Khalil_
Kamal Khalil
Charging Party

1-5-2010
Date

Authorized Representative
Elite Global Communications

EXHIBIT 2

01-04-2010 17:09 From-EEOC DETROIT DISTRICT OFC 313 226 2778 T-189 P.003/003 F-366

The following clause is deemed incorporated as part of this agreement if and when it is signed by an EEOC Office Director or his/her designee.

9. In reliance on the promises made in paragraphs (2), (3), (5) and (6) the EEOC agrees to terminate the investigation which it has begun and not to use the above-referenced charge as the jurisdictional basis for a civil action under Title VII of the Civil Rights Act of 1964 as amended. The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation, including, but not limited to, a charge filed by a Commissioner of the EEOC against the respondent.

On Behalf of the Commission:

1/25/10
Date

Gail Cober
Director